IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MONICO MARQUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER DISMISSING PLAINTIFF'S 28 U.S.C. § 2255 MOTION<br><br><br><br>Case No. 2:06-CV-00002 PGC |

      Monico Marquez filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence on January 3, 2006 (#1). Ms. Marquez pleaded guilty to violating 21 U.S.C. § 841(a)(1), by selling, distributing or dispensing methamphetamine, and the court sentenced her on May 2, 2003. Ms. Marquez, filing her motion with the court over two-and-a-half years after sentencing, alleges (1) that she must be resentenced because *United States v. Booker*[1] "declared the guidelines . . . unconstitutional;"(2) that the sentencing guidelines themselves are "invalid and inapplicable" because of both President Ronald Regan's veto and because they were "snuck on the back of an appropriations bill designed to give money from Congress to keep the lights of the government on;" and (3) "Offenses not charged in the indictment nor presented to [the] jury

---

[1] 543 U.S. 220 (2005).

violated [her] [Fifth and Sixth] Amendment right to sentence as a career offender." For the reasons set forth below, the court DISMISSES Ms. Marquez's § 2255 motion (#1).

## BACKGROUND

On May 22, 2002, Ms. Marquez was charged with six counts of distribution of methamphetamine, in violation of U.S.C. § 841(a)(1). Ms. Marquez pleaded guilty to one count of the indictment, and the government dismissed the other five counts at sentencing. Under the sentencing guidelines, the court sentenced Ms. Marquez using a total offense level of 28 and a criminal history category of VI, resulting in a sentence of 140 months. She filed a motion to vacate, set aside, or correct his sentence on January 3, 2006, contending that she must be resentenced because *Booker* "declared the guidelines . . . unconstitutional, that the sentencing guidelines themselves are "invalid and inapplicable," and that "[o]ffenses not charged in the indictment nor presented to [the] jury violated [her] [Fifth and Sixth] Amendment right to sentence as a career offender."

## DISCUSSION

Generally, a movant must file her § 2255 motion within one year from the date of final judgment of conviction.[2] Ms. Marquez's judgment of conviction was completed, at the latest, on May 2, 2003, when the court sentenced her to 140 months. She did not file her § 2255 motion until January 3, 2006, more than two-and-a-half years after her sentencing. While there are recognized exceptions,[3] Ms. Marquez has failed to demonstrate that any of those exceptions

---

[2] 28 U.S.C. § 2255.

[3] *See* 28 U.S.C. § 2255 (listing three exceptions to the general rule).

should apply in her case. Based on her failure to timely file this motion, the court hereby DISMISSES the motion.

The court also notes that to the extent that Ms. Marquez's motion is premised upon the Supreme Court's holding announced in *Booker*, her motion would nonetheless be dismissed regardless of its timeliness based on this court's prior ruling in *Rucker v. United States*.[4] Post-*Booker*, the Tenth Circuit held that *Blakely v. Washington*,[5] the prequel to *Booker*, "did not announce a watershed rule of criminal procedure that would apply retroactively to initial § 2255 motions."[6] The Seventh Circuit has also held that *Booker* does not apply retroactively to initial § 2255 motions,[7] and the Tenth Circuit cited this opinion in its decision in *Prince*.[8] Therefore, should Ms. Marquez later attempt to convince the court that the exception listed in 28 U.S.C. § 2255 ("the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"), such an argument would be futile.

---

[4] 382 F. Supp. 2d 1288 (D. Utah 2005).

[5] 542 U.S. 296 (2004).

[6] *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005).

[7] *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

[8] 400 F.3d at 849.

The court DISMISSES Ms. Marquez's § 2255 motion (#1). No further filings will be accepted by the court.

SO ORDERED.

DATED this 3rd day of January, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge